**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DOROTHY ROSA, | CIVIL ACTION NO. 09-3742 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| SECRETARY OF DEPARTMENT OF HEALTH & HUMAN SERVICES OF THE UNITED STATES, |  |
| Defendant. |  |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application").  (Dkt. entry no. 1, Application.)  The Court, based upon the plaintiff's assertions in support thereof, intends to (1) grant the Application, and (2) direct the Clerk of the Court to file the Complaint.

**THE COURT** may (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  The Court must construe this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff".  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**THE PLAINTIFF** appears to seek review of a determination by the Social Security Administration ("SSA") and no other relief. (Dkt. entry no. 1, Compl.)  The plaintiff received a decision from an administrative law judge ("ALJ Decision") and submits a copy of the ALJ Decision.  (Id., Ex. A, ALJ Decision.)

**THE PLAINTIFF** submits a copy of a request for a review of the ALJ Decision purportedly sent to the SSA's Appeals Council ("Appeals Council").  (Id., Ex. A, Request For Review.)  But the plaintiff neither submits, nor alleges that she has received, a determination from the Appeals Council.

**IT DOES NOT APPEAR** that the Appeals Council issued a determination before the plaintiff sought a court review.  Thus, the Complaint must be dismissed.  See Widman v. Comm'r of Soc. Sec. Admin., 230 Fed.Appx. 708, 708 (9th Cir. 2007) (affirming judgment dismissing complaint seeking review of SSA determination, as appeal was still pending before Appeals Council); Davis v. Soc. Sec. Admin., No. 02-1595, 2003 WL 21219821, at *2 (D. Del. May 20, 2003) (stating SSA decision not reviewable by court unless, inter alia, a determination is first issued by Appeals Council); see also 42 U.S.C. § 405(g).

**IF THE APPEALS COUNCIL** indeed did issue an unfavorable determination before — and not after — the plaintiff brought this action and filed the Complaint, then the plaintiff is granted

leave to move to reopen this action within thirty days upon a showing that the Appeals Council issued such a determination.

**IF THE APPEALS COUNCIL** — as appears to be the case here — did not issue an unfavorable determination before the plaintiff brought this action and filed the Complaint, then the plaintiff is granted leave to timely bring a new civil action and file a new complaint in a federal court when such a determination is issued.  However, the Court intends to dismiss the Complaint in this action as frivolous and for failure to state a claim.  The Court will issue an appropriate order and judgment.


    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: September 8, 2009